UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04398-BFM **Date:** August 14, 2026

**Title:** *Xiaoxue Sheng v. James Janecka, et al.*

==============================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings: (In Chambers) Order Denying Petition (ECF 1)**

Petitioner Xiaoxue Sheng filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 5, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **denied**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. (Pet. ¶ 11.) She was inspected and lawfully admitted to the United States in January 2026 on a valid B-1/B-2 nonimmigrant visa. (Pet. ¶ 20.) Petitioner has, since her admission, lived at a known address and established community ties, and she has no criminal history. (Pet. ¶ 22.) Once here, Petitioner applied for asylum. (Pet. ¶ 21.) USCIS instructed Petitioner to appear on July 31, 2026, for an appointment in connection with her asylum application. (Pet. ¶ 23.) When she appeared for her appointment, ICE took her into custody. (Pet. ¶¶ 24-25, 32.) At the time of her detention, she received a custody determination pursuant to § 1226(a). (ECF 7-2 at 2 (reflecting decision of ICE officer that she should be detained, and that that decision was made at the ERO office in Los Angeles).) She was then transported to Adelanto ICE Processing Center and has remained there since her arrest. (Pet. ¶ 27.)

==========================================================

Petitioner is in ongoing removal proceedings. (Pet. ¶ 30; ECF 1-1.) *See also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (reflecting master calendar hearing in Petitioner's case set for September 1, 2026).)

Petitioner filed this Petition on August 5, 2026. Respondents opposed the Petition (ECF 7) and Petitioner filed her response (ECF 8). The matter is now ready for decision.

## II. Analysis

Petitioner argues that her detention violates procedural and substantive due process and asks for release. (Pet. ¶¶ 45-50.) She alleges that she did not receive pre-detention notice or hearing to determine whether she posed a flight risk or danger to the community, and that detention is not warranted in her case. (Pet. ¶ 2.)

As to Petitioner's procedural due process claim, courts in this Circuit, including this one, have found that noncitizens who have been released on *parole* have a liberty interest in maintaining that liberty. *E.g.*, *Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *2 (C.D. Cal. July 2, 2026) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Those decisions rely on the premise that release from custody on parole is an "implicit promise" that parole "will be revoked only if [the individual] fails to live up to the parole conditions.'" *Id.* Not only is there a heightened liberty interest in maintaining parole once granted, but such individuals have also been found not to be a danger or flight risk, yielding a heightened risk of an erroneous deprivation of liberty. *Id.* at *3-4.

==========================================================

Petitioner cites similar authority in support of her claim. (Pet. at 3 (citing *E.A.T.-B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (ordering release of an individual detained after being released on recognizance and checked in on supervision for several years); *Zaitsev v. Warden, Adelanto ICE Processing Ctr.*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *1 (C.D. Cal. Apr. 15, 2026) (same).) Her analogy to that body of caselaw fails, however, because Petitioner was not previously released on parole. An individual who has overstayed her nonimmigrant visa does not have a *conditional* liberty interest protected by the Due Process Clause. *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (denying procedural due process claim of individual who overstayed his visa); *Herrera v. Blanche*, No. C26-1684-MLP, 2026 WL 1733493, at *2 (W.D. Wash. June 16, 2026) (same); *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026) (finding that, with respect to an individual admitted on a B-2 visa, "[a]lthough Petitioner has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole."). Moreover, the risk of an erroneous deprivation of liberty in such cases is simply not as high as in the case of an individual who was already found not to pose a flight risk or danger to the community. *Jemna*, 2026 WL 788172, at *5. And while Petitioner undoubtedly has a liberty interest in avoiding detention, the law entitles her to a significant amount of process in connection with her detention: arrest with a warrant, a prompt custody decision, and the right to seek a custody redetermination before an immigration judge and to appeal the IJ's decision, if necessary. *See* 8 U.S.C. § 1226(a), (c), 8 C.F.R. § 1003.19(a)-(c). On these facts, Petitioner has not shown that such process insufficient to ensure that her detention is not out of line with the purposes of civil detention.

Moreover, it appears that the appropriate process was provided here: Petitioner was arrested with a warrant. (ECF 7-1 at 2.) She received a custody determination under § 1226(a) before she was transported to a detention facility. (ECF 7-2 at 2.) The custody determination form indicates that Petitioner "refused to sign" it, and thus did not fill out the section indicating whether she wanted IJ review of the detention decision. (*Id.*) Petitioner is entitled to such review, however, on request. 8 C.F.R. § 1003.19(a)-(b). The Court thus finds no procedural due process violation on these facts.

Petitioner also argues that her ongoing detention violates substantive due process, because it does not bear a reasonable relationship to a legitimate governmental purpose of preventing against danger or flight risk. (Pet. ¶¶ 49-50.) Her argument is not persuasive.

At a "bare minimum," noncitizens subject to civil immigration detention—just like people detained civilly and individuals accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.'" *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896) (concluding that "detention or temporary confinement" is "valid" to carry out "the provisions for the exclusion or expulsion of [noncitizens]," but that detention involving "imprisonment at hard labor" is unconstitutional without a criminal trial).

Civil detention may be deemed punitive "where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 934. This may be so where civil detention is excessively prolonged, even if not indefinite. *United States v. Torres*, 995 F.3d 695, 708-10 (9th Cir. 2021) (concluding that a pretrial criminal detainee's 21-month detention was

"approaching the limits of what due process can tolerate" and that "at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried"). Civil detention can also violate due process when detainees are subject to conditions so harsh as to give rise to an inference that the detention is punitive. *See Jones*, 393 F.3d at 932. *See also Doe v. Becerra*, 723 F. Supp. 3d 688, 691 (N.D. Cal. 2024) (considering the above factors from *Torres* and *Jones* in evaluating substantive due process claim raised by an individual in immigration detention).

Here, Petitioner has been detained for under a month. While any period of custody is difficult, such a period is not unusually prolonged for civil detention purposes. *Cf. Torres*, 995 F.3d at 709-10 (21 months of pretrial detention for person charged with criminal offense was "approaching the limits of what due process can tolerate"); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024) (finding 30 months of immigration detention to weigh in favor of finding a substantive due process violation). Nor has Petitioner pointed to conditions worse than those in criminal custody, such as would give rise to an inference that the detention is punitive. *Doe*, 732 F. Supp. 3d at 1089 ("Determining whether the conditions at [an immigration detention facility] are worse 'as a whole' than at the state facilities where Mr. Doe was imprisoned is a difficult comparison that would require comprehensive evidence.").

Even so, Petitioner argues that her detention is significantly out of line with the government's interests in detention, given her ties to the community, her lack of a criminal record, and the fact that she appeared as required for her asylum appointment. The Court cannot make that finding on this record. A bond hearing is the primary test of whether detention is excessive to the government's interest in detention. *See Martinez Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023). As noted above, there is no record that Petitioner ever had or that she requested a custody

redetermination by the IJ. The Court is not inclined to grant a constitutional claim where the statutory route has not yet proved inadequate.

## III. Conclusion

Accordingly, the Petition is **denied**. Judgment shall be entered accordingly.

Initials of Preparer: ch